**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| DAVID MOYER, | § | |
|    *Plaintiff*, | § | |
| | § | CIVIL ACTION NO. |
| vs. | § | |
| | § | Jury Trial Demanded |
| NCO FINANCIAL SYSTEMS, INC., | § | |
|    *Defendant*. | § | |

**ORIGINAL COMPLAINT**

**NATURE OF ACTION**

1.  This is an action for damages brought by Plaintiff David Moyer ("Plaintiff"), an individual, for Defendant NCO Financial Systems, Inc.'s ("Defendant") violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.

2.  Plaintiff seeks to recover monetary damages for Defendant's violations of the law, and to have an order or injunction issued by this Court preventing Defendant from continuing to engage in conduct that violates the aforementioned statutes.

3.  Service may be made upon Defendant in any other district in which it may be found pursuant to 29 U.S.C. § 1132(e)(2).

**JURISDICTION AND VENUE**

4.  Jurisdiction of this Court arises pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 47 U.S.C. § 227(b)(3).

5.  Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

## PARTIES

6. Plaintiff David Moyer is a natural person residing in the State of Texas, County of Denton, and City of Denton.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. Defendant NCO Financial Systems, Inc. is an entity which at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

11. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes – namely, personal student loans (the "Debt").

12. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

13. In or about November 2012, in connection with the collection of the Debt, Defendant placed a call to Plaintiff's cellular telephone, and at such time, spoke with Plaintiff.

14. During the conversation that ensued, Defendant threatened Plaintiff that if he did not make immediate payments towards the Debt, then the Debt will remain on his credit report "forever" and that would be "worse than bankruptcy."

15. During the November 2012 conversation, Defendant falsely represented the character of the Debt by stating that it will remain on Plaintiff's credit report "forever" when upon information and good-faith belief, the Debt will only remain on Plaintiff's credit report for seven (7) years.

16. In or about May 2013, and in connection with the collection of the Debt, Defendant began placing calls to Plaintiff's cellular telephone.

17. Plaintiff sent Defendant written communication via email on May 23, 2013 at 4:46 P.M., and in such communication, demanded that Defendant cease and desist from placing any and all further calls to Plaintiff.  (See May 23, 2013 Email, attached as Exhibit A).

18. Despite Plaintiff's cease and desist demand, in connection with the collection of the Debt, Defendant placed calls to Plaintiff's cellular telephone, including, but not limited to, the following dates:

1) May 28, 2013;
2) June 3, 2013;
3) June 4, 2013;
4) June 5, 2013;
5) June 7, 2013;
6) June 10, 2013;
7) June 12, 2013;
8) June 14, 2013;
9) July 8, 2013; and
10) July 9, 2013.

19. Defendant placed the above-referenced calls with the intent to harass Plaintiff by continuing to call despite Plaintiff's cease and desist demand.

20. By placing the above-referenced calls, Defendant communicated with Plaintiff after having received written communication from Plaintiff with a request to cease and desist all contacts.

21. Upon information and good-faith belief, the telephone calls identified above were placed to Plaintiff's cellular telephone number using an automatic telephone dialing system.

22. Defendant did not place any telephone calls to Plaintiff for emergency purposes.

23. Defendant did not have Plaintiff's prior express consent to make any telephone calls to Plaintiff's cellular telephone number.

24. Upon information and good-faith belief, Defendant placed the telephone calls to Plaintiff identified above voluntarily.

25. Upon information and good-faith belief, Defendant placed the telephone calls to Plaintiff identified above under its own free will.

26. Upon information and good-faith belief, Defendant had knowledge that it was using an automatic telephone dialing system to make and/or place each of the telephone calls identified above.

27. Upon information and good-faith belief, Defendant intended to use an automatic telephone dialing system to make and/or place each of the telephone calls identified above.

28. Upon information and good-faith belief, Defendant maintains business records that show all calls Defendant placed to Plaintiff's cellular telephone number.

29. Further, in connection with the collection of the Debt, Defendant's agent and/or employee placed a call to a third-party, Plaintiff's mother, Ms. Tamarra Moyer ("Ms. Moyer"), on June 5, 2013, and at such time, spoke with Ms. Moyer.

30. During the conversation that ensued, Ms. Moyer represented to Defendant's agent and/or employee that Plaintiff does not live at Ms. Moyer's residence.

31. During the June 5, 2013 conversation, Defendant's agent and/or employee stated that she will go ahead and contact Plaintiff's cellular telephone.

32. Despite being informed that Plaintiff does not live at Ms. Moyer's residence, Defendant placed calls to Ms. Moyer's residence, including, but not limited to, the following dates and times: June 14, 2013 at 2:17 P.M.; and June 17, 2013 at 11:13 A.M.

33. During the telephone calls to Ms. Moyer, Defendant communicated with a third party without having received the prior consent of Plaintiff.

34. Defendant's actions constitute conduct highly offensive to a reasonable person, and have caused Plaintiff embarrassment, anxiety, mental anguish, and other damages.

35. The embarrassment, anxiety, mental anguish, and other damages that Plaintiff suffered was a natural consequence of Defendant's harassing efforts to collect an outstanding debt alleged due.

36. The embarrassment, anxiety, mental anguish, and other damages that Plaintiff suffered as a result of Defendant's harassing efforts to collect the outstanding debt alleged due constitute mental anguish more than mere worry, vexation, inconvenience, or unpleasantness.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692c(b)

37. Plaintiff repeats and re-alleges each and every factual allegation contained above.

38. Defendant violated 15 U.S.C. § 1692c(b) by communicating with a third party other than in the manner prescribed by 15 U.S.C. § 1692b, without having received the prior consent of Plaintiff or the express permission of a court of competent jurisdiction, and without it being necessary to effect a post-judgment remedy.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692c(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692c(c)

39. Plaintiff repeats and re-alleges each and every factual allegation contained above.

40. Defendant violated 15 U.S.C. § 1692c(c) by communicating with Plaintiff after having received a letter from Plaintiff with a request to cease and desist all collection contacts or a statement that Plaintiff refuses to pay the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692c(c);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692d

41. Plaintiff repeats and re-alleges each and every factual allegation contained above.

42. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff, in connection with the collection of the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

43. Plaintiff repeats and re-alleges each and every factual allegation contained above.

44. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF 15 U.S.C. § 1692e(10)

45. Plaintiff repeats and re-alleges each and every factual allegation contained above.

46. Defendant violated 15 U.S.C. § 1692e(10) by using false representations or deceptive practices in connection with the collection of the Debt from Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)

47.     Plaintiff repeats and re-alleges each and every factual allegation contained above.

48.     Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly placing calls to Plaintiff's cellular telephone number using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Enjoining Defendant from placing any further telephone calls to Plaintiff in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A);

c) Awarding Plaintiff statutory damages in the amount of $500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff treble damages, pursuant to 47 U.S.C. § 227(b)(3);

f) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

g) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

49.     Plaintiff is entitled to and hereby demands a trial by jury.

August 13, 2013

Respectfully submitted,

By: /s/ Joseph Panvini
Joseph Panvini
Arizona Bar # 028359
jpanvini@attorneysforconsumers.com

                                                                                                                                   WEISBERG & MEYERS, LLC
                                                                                                                                   5025 North Central Ave, #602
                                                                                                                                          Phoenix, AZ 85012
                                                                                              Telephone: (888) 595-9111
                                                                  Facsimile: (866) 565-1327

*Attorneys for Plaintiff*
DAVID MOYER

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| DAVID MOYER, | § | |
|     *Plaintiff*, | § | |
| | § | CIVIL ACTION NO. |
| vs. | § | |
| | § | Jury Trial Demanded |
| NCO FINANCIAL SYSTEMS, INC., | § | |
|     *Defendant*. | § | |

## VERIFICATION

Personally appeared before the undersigned notary public, duly authorized to administer oaths in the State of Texas, David Moyer, who, after being duly sworn, deposes and states that the facts contained in the foregoing Complaint, as filed with the United States District Court for the Eastern District of Texas, are true and correct based upon personal knowledge.

_____ Dated: _____
David Moyer

SUBSCRIBED and SWORN TO before me this \_\_\_\_ day of _____, 2013.

_____
Notary Public

_____
Print, type, or stamp commissioned nature of Notary Public